QUIN DENVIR, Bar #49374
Federal Defender
ALLISON CLAIRE, Bar #170138
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorney for Petitioner
MONTERIO TYRONE PINCKNEY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTERIO TYRONE PINCKNEY,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>D.L. RUNNELS, Warden,<br><br>　　　　　Respondent.<br>_____ | NO. CIV S-05-0144 FCD GGH P<br><br>**STIPULATION AND ORDER STAYING FEDERAL PROCEEDINGS AND HOLDING PETITION IN ABEYANCE** |

　　　　Petitioner, MONTERIO TYRONE PINCKNEY, and Respondent, D.L. RUNNELS, by and through their undersigned counsel, hereby agree and stipulate as follows:

　　　　1.　The pro se petition was filed in this case on January 24, 2005. At that time, Mr. Pinckney indicated that his state habeas petition was pending in superior court. That petition was denied on April 29, 2005. Petitioner, with the assistance of appointed federal counsel, is currently preparing to file his petition in the next level of the state courts. As indicated in the pro se Motion For Abeyance On Federal Writ, filed in this court contemporaneously with the federal petition, it is Mr. Pinckney's intention to fully exhaust his state

1  remedies regarding unexhausted claims before seeking to amend his
2  federal petition.
3      2.  The parties agree and stipulate that Mr. Pinckney's current
4  round of exhaustion should be completed before proceedings on the
5  federal petition begin.  Accordingly, the parties respectfully request
6  a stay of the instant proceedings until the exhaustion process is
7  complete.
8      3.  Good cause for the stay is demonstrated by the fact that
9  petitioner has been pursuing his state remedies both before and since
10 filing the federal petition.  Mr. Pinckney's conviction became final 90
11 days after the California Supreme Court denied direct review of the
12 conviction, or April 14, 2004.  See, Bowen v. Roe, 188 F.3d 1157 (9th
13 Cir. 1999).  He began seeking state court collateral relief on November
14 3, 2004, when he filed a habeas petition in Sacramento County Superior
15 Court, case no. 4F09787.
16     4.  The federal petition filed January 24, 2005, insofar as it
17 sets forth one claim already exhausted on direct review, appears to
18 have been filed within the period of limitation prescribed by 28 U.S.C.
19 § 2244(d)(1).  However, the timeliness of claims now pending in the
20 state courts, pursuant to state law, is yet to be determined.  This
21 uncertainty regarding the status of presently unexhausted claims
22 constitutes good cause for a stay.  See, Pace v. Diguglielmo, 125 S.Ct.
23 1807 (2005) (because state petition denied as untimely will not toll
24 federal statute of limitations, uncertainty regarding timeliness of
25 state filing will constitute good cause for federal filing and stay
26 under Rhines v. Weber, 125 S.Ct. 1528 (2005)).
27 ///
28 ///

5. Pursuant to Rhines, supra, the parties agree to the following conditions for the stay:

    a. Petitioner shall resume his pursuit of state court remedies within 30 days after the stay is entered. Should petitioner fail to do so, respondent may move to lift the stay;

    b. Petitioner shall diligently proceed to exhaust his remedies. Should more than 30 days elapse between the disposition of petitioner's claims in one level of the state court system and filing in the next, respondent may move to lift the stay;

    c. Petitioner shall notify this court of final disposition by the California Supreme Court within 30 days of decision. Petitioner shall at that time move to lift the stay.

6. All stipulations made herein are for the sole purpose of obtaining stay and abeyance. Both parties shall retain the right to make and to oppose any motions. Specifically, respondent reserves the right to assert any procedural defenses, and petitioner reserves the right to oppose any such defenses. Petitioner also reserves the right to oppose any motion to lift the stay prior to disposition of the claims by the California Supreme Court, on grounds that he has continued to be reasonably diligent under the circumstances and/or that good cause exists to continue the stay. No representations contained in this stipulation regarding timeliness shall be binding on either party for any future purpose.

7. The parties submit this stipulation in lieu of the Joint Scheduling Statement due on May 31, 2005. The parties request leave to file a Joint Scheduling Statement within 30 days after the lifting of the stay.

*Pinckney v. Runnels, CIV S-05-0144 FCD GGH P*
*Stip/order re: stay and abeyance*    3

8. Counsel for respondent, Deputy Attorney General Laura Simpton, has authorized the undersigned to electronically sign this document on her behalf.

Dated: May 25, 2005

          Respectfully submitted,

          QUIN DENVIR
          Federal Defender


          /s/
          ALLISON CLAIRE
          Assistant Federal Defender
          Attorneys for Petitioner
          MONTERIO TYRONE PINCKNEY


Dated: May 25, 2005

          BILL LOCKYER
          Attorney General


          /s/
          LAURA SIMPTON
          Deputy Attorney General
          Attorneys for Respondent
          D.L. RUNNELS

**ORDER**

By stipulation of the parties and for good cause shown, proceedings in this matter are hereby STAYED until further order of the court. The petition for writ of habeas corpus will be held in abeyance. The stay is subject to the following conditions:

1. Should petitioner delay more than 30 days from the date of this order in resuming pursuit of collateral relief in state court, or more than 30 days between the future denial of relief in any state court and the filing of a petition in the next state court, respondent may file a motion to lift the stay;

2. Petitioner shall notify this court, and shall move to lift the stay, no later than 30 days after petitioner's claims are exhausted by disposition in the California Supreme Court;

3. A joint scheduling statement shall be filed 30 days after the stay is lifted.

IT IS SO ORDERED.

Dated: May 27, 2005

/s/ Frank C. Damrell Jr.
U.S. DISTRICT JUDGE

pinc0144.ord05

*Pinckney v. Runnels, CIV S-05-0144 FCD GGH P*
*Stip/order re: stay and abeyance*   5